**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 1, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

GREGORY ASHLEY MOYER,

    Plaintiff - Appellant,

v.

JAMES V. MURRAY; TRACY
McDANIEL, Honorable Judge of the
Oklahoma 23rd District,
Pottawatomie County; KATHERINE
E. THOMAS, Honorable Judge of the
Oklahoma 9th District, Payne
County; MELISSA GRINER
DELACERDA, Attorney at Law; JOE
HARPER, in his official capacity as
Sheriff of Payne County; LAURA
THOMAS, in her official capacity as
District Attorney for District 9;
VIRGINIA BANKS, Attorney at Law;
LISA THOMPSON, Bailiff; PHILLIP
C. CORLEY, Retired Judge; KY
CORLEY; GENTNER DRUMMOND,
in his official capacity, as Attorney
General for State of Oklahoma;
STILLWATER PUBLIC SCHOOLS;
TIFFANY SEEFELDT;
STILLWATER POLICE
DEPARTMENT; COLLINS ZORN &
WAGNER, Law Firm; MIKE
FIELDS, former DA; COREY RINK,
in his official capacity, Sheriff of
Garfield County; WILL JOYCE,
individually, Stillwater Mayor;
OKLAHOMA DEPARTMENT OF
HUMAN SERVICES; KOCH
INDUSTRIES, d/b/a Koch Fertilizer,

        Defendants - Appellees.

No. 25-6135
(D.C. No. 5:25-CV-00429-SLP)
(W.D. Okla.)

---

**ORDER AND JUDGMENT***

---

Before **MATHESON**, **MORITZ**, and **FEDERICO**, Circuit Judges.

---

Gregory Moyer, pro se, appeals the district court's case-ending order denying his motion for leave to amend his complaint. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**I**

The events underlying this lawsuit began with a divorce and child custody dispute in Oklahoma state court roughly ten years ago. The divorce decree was finalized in early 2017. Moyer's ex-wife apparently received custody of their two children, but Moyer had unspecified visitation rights. Those rights were suspended in October 2017, apparently for failure to pay alimony and child support. Moyer has not since seen or communicated with his children.

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

Moyer filed this lawsuit on April 14, 2025. As defendants, he named essentially every judge and attorney, and every government entity, official, and employee that was in some way involved with the custody proceedings. He also named his former employer. He alleged that all of them, in various ways, violated his constitutional, statutory, and state-law rights, either by actions that allegedly led to or perpetuated the revocation of his visitation rights, or by discrete incidents of alleged mistreatment throughout those proceedings.

Before serving any defendant, Moyer filed a first amended complaint. He then served process. Many defendants appeared and moved to dismiss. Before Moyer responded to those motions, the district court *sua sponte* dismissed the complaint under Federal Rule of Civil Procedure 8(a) because "not even the most attentive of readers could figure out who did what to whom." R. I at 141 (internal quotation marks omitted). The court therefore denied the motions to dismiss as moot and gave Moyer a deadline by which he could file a motion for leave to amend.

Moyer timely moved to amend, attaching the proposed second amended complaint. About a week-and-a-half later, before defendants' deadline to respond to the motion, the district court issued an order denying leave to amend. The court reasoned that many of Moyer's claims were time-barred, some failed to state a claim on their face, and some continued to be

3

inscrutable and therefore a violation of Rule 8. Finally, as to state-law claims, the court chose not to exercise jurisdiction given that it was dismissing all federal claims. The court therefore denied Moyer's motion, concluded further leave to amend would be futile, and entered final judgment.

This appeal timely followed.

## II

We review de novo a district court's conclusion that further leave to amend would be futile. *See Thornton v. Tyson Foods, Inc.*, 28 F.4th 1016, 1021 (10th Cir. 2022). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).

## A

Moyer argues "the district court dismissed the entire case on grounds neither [he] nor defendants fully briefed. The court raised deficiencies sua sponte, provided no opportunity to respond or cure, and entered final judgment. This exceeded the narrow authority courts possess to raise jurisdictional issues [sua sponte]." Aplt. Op. Br. at 12. Moyer is incorrect. "Where a complaint fails to state a claim, and no amendment could cure the defect, a dismissal *sua sponte* may be appropriate." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006). But in light of the unique

4

procedural history of this case, we partly side-step whether the district court properly exercised this *sua sponte* authority.

As noted above, Moyer filed his original complaint and then an amended complaint. Many defendants moved to dismiss that amended complaint, but the district court *sua sponte* dismissed it as a violation of Rule 8 and therefore denied the defendants' motions as moot.[1] Moyer then moved for leave to amend, and the district court denied the motion before hearing from the defendants. However, the district court's reasoning almost entirely tracked the arguments made in the defendants' denied-as-moot motions to dismiss. Thus, as to these arguments, the district court was not genuinely acting *sua sponte.*

The only exception we can discern – or, the only claim the district court dismissed based on an argument not previously presented – is its dismissal of Moyer's 42 U.S.C. § 1985(3) claim. Section 1985(3) creates a cause of action for persons injured by a conspiracy to "depriv[e] . . . any person or class of persons of the equal protection of the laws." The district court dismissed this claim because it understood the claim to be based on disability discrimination, and this court has already ruled that § 1985(3)

---

[1] Moyer does not challenge this first *sua sponte* dismissal, which was without prejudice and which explicitly granted an opportunity to move for leave to amend.

5

does not protect against disability discrimination. *See Wilhelm v. Cont'l Title Co.*, 720 F.2d 1173, 1176–77 (10th Cir. 1983). Moyer does not argue that the district court misunderstood his claim or that its analysis was incorrect. He has therefore abandoned the claim, so we will not examine it further. *See, e.g.*, *Johnson v. Spencer*, 950 F.3d 680, 703 n.7 (10th Cir. 2020) (treating a claim as abandoned because the appellant "[did] not tell us what the district court did wrong").

For these reasons, we see no error in the district court's *sua sponte* denial of the motion for leave to amend.

**B**

Moyer next claims the district court should not have dismissed the entire action because some defendants had not even appeared at the time of dismissal. He says this situation mirrors the situation described in an unpublished Fifth Circuit decision, *Yan v. State Bar of Texas*, No. 24-10543, 2025 WL 2759560 (5th Cir. Sept. 29, 2025). In *Yan*, every defendant but one moved to dismiss. *Id.* at *1. The remaining defendant answered the complaint. *Id.* The district court granted the motion to dismiss and "purported to dismiss the case on the basis that 'all other Defendants have been terminated at this juncture.' It also entered a 'Final Judgment.' But [the non-moving defendant's] liability was not adjudicated, or even addressed, elsewhere in the record." *Id.* (citation omitted in original). The

6

plaintiff appealed, and the Fifth Circuit concluded it did not have jurisdiction because the district court's failure to adjudicate the matter as to the non-moving defendant meant that the court's judgment did not qualify as a final judgment. *Id.*

This case does not resemble *Yan* because there were no answering defendants. Another important difference is that the district court *sua sponte* dismissed the first amended complaint – a ruling Moyer does not challenge. At that point there was no operative complaint and therefore nothing for any defendant to do unless and until the district court granted leave to amend. Moyer moved for leave to amend, but the district court denied that motion. At that point, again, there was nothing for any defendant to do. It is therefore irrelevant that some defendants may not have appeared or answered.

## C

One of the defendants who failed to appear, according to Moyer, is Oklahoma Attorney General Gentner Drummond. Moyer therefore argues the district court should have granted him default judgment against the Attorney General – and such judgment, in turn, would deprive other defendants of qualified immunity. Moyer also claims the district judge erroneously denied a motion for judicial notice of some of the Attorney General's public statements.

7

Moyer is incorrect to say the Attorney General never appeared. Even if he arguably appeared late, he nonetheless appeared and filed a motion to dismiss the first amended complaint. That motion was denied as moot when the district court struck the first amended complaint – and striking the first amended complaint mooted any question of default, given there was no longer an operative complaint.

As for judicial notice, Moyer refers to what appears to be an editorial written by the Attorney General about how recently passed legislation will help to combat unethical practices by Oklahoma governmental officials. Moyer says this establishes the corruption he asserts in his complaint.

We are unaware of, and Moyer does not cite, any authority saying that an opinion piece by an attorney general converts the assertions into a matter judicially noticeable under Federal Rule of Evidence 201. To be sure, he cites *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007), for the proposition that "[r]efusal to take notice of indisputable public admissions [is] reversible error." Aplt. Op. Br. at 18. But *Ahidley* only says that "we may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand." 486 F.3d at 1192 n.5. That is nothing like the situation here. We therefore see no error as it relates to the Attorney General.

8

**D**

Moyer next argues the district court failed to analyze his proposed amended complaint claim-by-claim and defendant-by-defendant. This is incorrect. The district court itemized Moyer's claims and, under its analysis for each, noted the defendants against whom Moyer had asserted that claim. Where appropriate, the district court analyzed a defendant's potential individual liability apart from other defendants. We therefore reject the argument that the district court's analysis was insufficiently particular.

**E**

Moyer discusses in general terms the law of substantive due process as it relates to a parent-child relationship. This discussion does not address the district court's reasons for dismissing Moyer's substantive due process claims, namely, they are untimely and otherwise fail the Rule 8 standard. We therefore reject his challenge to the district court's dismissal of his substantive due process claims.

**F**

Moyer itemizes a list of the district court's actions that allegedly show favoritism toward the defendants, thus requiring reversal. These allegedly biased actions fall into two categories: (1) how the district court handled the Attorney General's allegedly tardy appearance; and (2) the district court's

rulings against Moyer. We have already discussed why the district court committed no error as to the Attorney General. As for adverse rulings, "[they] alone do not demonstrate judicial bias." *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010). Moyer's bias claim fails.

## III

We affirm the district court's judgment. We deny as meritless all of Moyer's pending motions and all his requests for relief contained in filings not captioned as a motion.[2] We deny appellees' original motion for filing restrictions and other relief (Doc. #119) as moot in light of the corrected motion (Doc. #120), and we deny the corrected motion.

Entered for the Court

Richard E.N. Federico
Circuit Judge

---

[2] We further note that at least four of Moyer's motions – Doc. 67, 69, 70, and 72, all of which are motions to supplement the record – cite a nonexistent case, "United States v. Tittsworth, 630 F.3d 1029 (10th Cir. 2011)," for a potentially important point about whether this court may consider materials never considered by the district court. Citations to nonexistent cases violate 10th Cir. R. 46.5(B)(2)'s requirement that "the issues presented [in any paper filed with the court] are warranted by existing law." We may sanction Moyer for this violation, including by dismissing his appeal. *See, e.g.*, *Grant v. City of Long Beach*, 96 F.4th 1255, 1257 (9th Cir. 2024); Fed. R. App. P. 38; 10th Cir. R. 46.5(C). We decline to do so here, but we warn Moyer – and all pro se litigants and counsel appearing before this court – that they must ensure citations to legal authority are not fabrications but instead point to real authorities that at least arguably stand for the propositions for which they are cited.